UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JUDGE DONALD C. POGUE, SENIOR JUDGE

| | |
|---|---|
| SUNPOWER CORPORATION, | ) |
| Plaintiff, | ) |
| and | ) |
| CANADIAN SOLAR INC., *ET AL.*, | ) |
| Plaintiff-Intervenors, | ) |
| v. | ) Consol. Court No. 15-00067 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| SOLARWORLD AMERICAS, INC., | ) |
| Defendant-Intervenor. | ) |

## **ORDER**

Upon consideration of defendant's motion to dismiss Count VI of plaintiff's Complaint, it is hereby

ORDERED that the motion is granted; and it is further

ORDERED that Count VI is dismissed.

Dated: _____, 2015      _____
         New York, NY                                              Senior Judge

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JUDGE DONALD C. POGUE, SENIOR JUDGE

| | |
|---|---|
| SUNPOWER CORPORATION, | ) |
| Plaintiff, | ) |
| and | ) |
| CANADIAN SOLAR INC., *ET AL.*, | ) |
| Plaintiff-Intervenors, | ) |
| v. | ) Consol. Court No. 15-00067 |
| UNITED STATES, | ) |
| Defendant, | ) |
| and | ) |
| SOLARWORLD AMERICAS, INC., | ) |
| Defendant-Intervenor. | ) |

**DEFENDANT'S MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(5) of the Rules of the United States Court of International Trade, defendant, the United States, respectfully requests that the Court dismiss Count VI of the complaint filed by plaintiff SunPower Corporation because the Court does not possess subject-matter jurisdiction and the complaint fails to state a claim upon which relief can be granted. In support of this motion, we rely upon the attached memorandum.

                                          Respectfully submitted,

                                          BENJAMIN C. MIZER
                                          Principal Deputy Assistant Attorney General

|  |  |
|---|---|
|  | JEANNE E. DAVIDSON |
|  | Director |
|  |  |
|  | s/Reginald T. Blades, Jr. |
|  | REGINALD T. BLADES, JR. |
|  | Assistant Director |
|  |  |
|  | s/Melissa M. Devine |
| OF COUNSEL: | MELISSA M. DEVINE |
|  | Trial Attorney |
| REBECCA CANTU | Commercial Litigation Branch |
| Senior Attorney | Civil Division |
| Office of the Chief Counsel | U.S. Department of Justice |
|    for Trade Enforcement & Compliance | P.O. Box 480 |
| U.S. Department of Commerce | Ben Franklin Station |
|  | Washington, D.C. 20044 |
|  | Tel: (202) 616-0341 |
|  | Fax: (202) 514-8624 |
|  | Email:  melissa.m.devine@usdoj.gov |
|  |  |
| August 4, 2015 | Attorneys for Defendant |

IN THE UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE JUDGE DONALD C. POGUE, SENIOR JUDGE

| | |
|---|---|
| SUNPOWER CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> and ) <br> ) <br> CANADIAN SOLAR INC., *ET AL.*, ) <br> ) <br> Plaintiff-Intervenors, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES, ) <br> ) <br> Defendant, ) <br> ) <br> and ) <br> ) <br> SOLARWORLD AMERICAS, INC., ) <br> ) <br> Defendant-Intervenor. ) | Consol. Court No. 15-00067 |

### DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS COUNT VI OF PLAINTIFF'S COMPLAINT

Pursuant to Rules 12(b)(1) and 12(b)(5) of the Rules of the United States Court of International Trade (USCIT R.), defendant, the United States, respectfully requests that the Court dismiss Count VI of the complaint filed by plaintiff, SunPower Corporation (SunPower). As we explain below, because Count VI of SunPower's complaint concerns the finality and validity of the U.S. International Trade Commission's (ITC) injury determination with respect to certain crystalline silicon photovoltaic products (certain solar products) from China and that determination is not contained in the amended summons or complaint, the Court does not have subject-matter jurisdiction and Count VI is not a claim upon which the Court can grant relief.

BACKGROUND

In its amended summons, SunPower specifically stated that it "contests the affirmative final antidumping duty determination made by the U.S. Department of Commerce {Commerce} in connection with Certain Crystalline Photovoltaic Products from the People's Republic of China{,}" dated December 15, 2014, and published as 79 Fed. Reg. 76,970 (Dep't of Commerce Dec. 23, 2014). Similarly, in its complaint, SunPower contests certain aspects of Commerce's final determination in the antidumping duty investigation of certain solar products from China. Compl. ¶ 1 (citing *Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China*, 79 Fed. Reg. 76,970 (Dep't of Commerce Dec. 23, 2014) (affirm. AD final determination) (*AD Final Determination*)).

Further in its complaint, however, SunPower alleges in Count VI that "the {ITC} made its preliminary and final injury determinations based on its assessment of imports that were subject to the product scope of the investigations as stated in the petition and prior to expansion of the scope by {Commerce}, thereby calling into question the finality and validity of those determinations and the antidumping duty order resulting from those determinations." *Id.* ¶ 46.

ARGUMENT

I.      Count VI Must Be Dismissed For Lack of Subject-Matter Jurisdiction

As the plaintiff, SunPower has the burden to establish the Court's jurisdiction over its claims. *See Juice Farms, Inc. v. United States*, 68 F.3d 1344, 1345 (Fed. Cir. 1995). Section 1516a(a)(2) of title 19 of the United States Code provides that an interested party who is a party to the proceeding in connection with which the matter arises may commence an action by filing a summons, and within 30 days thereafter a complaint, "each with the content and in the form,

manner, and style prescribed by the rules" of this Court, "contesting any factual findings or legal conclusions upon which the determination is based." 19 U.S.C. § 1516a(a)(2). "{T}hat procedure delimits the subject matter jurisdiction of the Court of International Trade." *Usinas Siderurgicas De Minas Gerais S/A v. United States*, 201 F. Supp. 2d 1304, 1309 (Ct. Int'l Trade 2002) (citing *Georgetown Steel Corp. v. United States*, 801 F.2d 1308, 1312 (Fed. Cir. 1986)).

Count VI of SunPower's complaint exemplifies a claim that the Court does not possess subject-matter jurisdiction to entertain. As in its amended summons, in its complaint, SunPower asserts that the Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c) because the action was commenced to contest "the final affirmative antidumping duty determination made by {Commerce} in connection with its antidumping duty investigation of *Certain Crystalline Silicon Photovoltaic Products from the People's Republic of China*." Compl. ¶ 1 (citing *AD Final Determination*). Accordingly, the Court's subject matter jurisdiction in this case is limited to *Commerce's* antidumping investigation and resulting determination of sales at less than fair value.

In Count VI of the complaint, however, SunPower alleges that the "finality and validity" of the *ITC's* "preliminary and final injury determinations" are "call{ed} into question." Compl. ¶ 46. In an antidumping duty investigation, Commerce is tasked with determining whether foreign merchandise is being, or is likely to be, sold in the United States at less than its fair value, and the ITC is tasked with determining whether there is injury to the domestic industry as a result of the imports subject to the investigation. 19 U.S.C. §§ 1673, 1673d(a)(1), 1673d(b)(1). Because the ITC's injury determinations are beyond the scope of *Commerce's* statutory mandate to determine whether foreign merchandise is being sold at less than fair value, *see id.*, it is

beyond the power of this Court to adjudicate the validity of the ITC's determination and Count VI of SunPower's complaint falls beyond the subject-matter jurisdiction of the Court.

To the extent SunPower wished to challenge any aspect of the ITC's preliminary or final material injury determinations, SunPower had the opportunity to file a summons and complaint under section 1516a. It apparently did not do so, and the time for filing a summons to contest the ITC's determination expired after March 20, 2015. SunPower cannot use this case to raise an untimely claim against the ITC.

II.   Count VI Must Be Dismissed For Failure To State A Claim Upon Which Relief Can Be Granted

Count VI of SunPower's complaint also constitutes a claim upon which relief cannot be granted. SunPower has the burden to allege facts that, if proven, would entitle it to the relief sought. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). USCIT R. 8(a) provides that a claim for relief must contain "(1) a short and plain statement of the grounds for the court's jurisdiction…; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." *See also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (explaining that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"). When allegations, regardless of their truth, could not raise a claim of entitlement to relief, "this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558 (quotation marks and citations omitted).

SunPower has not satisfied its burden to state a claim in Count VI. As explained above, the ITC's injury determinations are beyond the scope of Commerce's statutory mandate to

determine whether foreign merchandise is being sold at less than fair value. 19 U.S.C. §§ 1673, 1673d(a)(1), 1673d(b)(1). Thus, even if SunPower were to establish that the ITC's injury determination was erroneous in some manner, a remand to Commerce would not result in any relief to SunPower. Commerce's authority is limited to its less than fair value determination and the decisions involved therein, including determining the scope of the investigation, and does not encompass the ITC's injury determination.

## CONCLUSION

For these reasons, we respectfully request that the Court dismiss Count VI of SunPower's complaint.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

JEANNE E. DAVIDSON
Director

s/Reginald T. Blades, Jr.
REGINALD T. BLADES, JR.
Assistant Director

OF COUNSEL:

REBECCA CANTU
Senior Attorney
Office of the Chief Counsel
   for Trade Enforcement & Compliance
U.S. Department of Commerce

s/Melissa M. Devine
MELISSA M. DEVINE
Trial Attorney
Commercial Litigation Branch
Civil Division
U.S. Department of Justice
P.O. Box 480
Ben Franklin Station
Washington, D.C. 20044
Tel: (202) 616-0341
Fax: (202) 514-8624
Email: melissa.m.devine@usdoj.gov

August 4, 2015                                    Attorneys for Defendant

## **CERTIFICATE OF COMPLIANCE**

I hereby certify, pursuant to section 2(B)(1) of the Standard Chambers Procedures of this Court, that this brief contains 1,217 words, excluding the table of contents, table of authorities, any addendum containing statutes, rules or regulations, any certificates of counsel, and counsel's signature, as calculated by the word processing system used to prepare this brief (Microsoft Word).

 s/ Melissa M. Devine
Melissa M. Devine
Trial Attorney
Department of Justice
Civil Division