UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| SUNPOWER CORPORATION ET AL.<br><br>Consolidated Plaintiffs<br><br>v.<br><br>UNITED STATES<br><br>Defendant<br><br>and<br><br>SOLARWORLD AMERICAS, INC.<br><br>Defendant-Intervenor. | Consol. Court No. 15-00067<br><br>Before: Hon. Donald C. Pogue,<br>Senior Judge |

## SUNPOWER CORPORATION'S REPLY TO DEFENDANT'S AND DEFENDANT-INTERVENOR'S RESPONSE TO SUNPOWER CORPORATION'S SEPTEMBER 18, 2015 SUBMISSION

SunPower Corporation ("SunPower"), by and through its counsel, K&L Gates LLP, hereby replies to the submissions made by Defendant United States and Defendant-Intervenor SolarWorld Americas, Inc.,[1] dated September 29, 2015 (CM/ECF Nos. 55 and 56, respectively), in response to SunPower's submission of an affidavit, dated September 18, 2015 (CM/ECF No. 51). SunPower's affidavit, which was solicited by the Court, presented information and documentation substantiating evidence already placed on the record in the underlying investigation establishing that SunPower Corporation, Systems, a wholly owned subsidiary of SunPower, acted as the importer of record in connection with entries of Chinese-assembled crystalline silicon photovoltaic modules during the April 1, 2013 through September 30, 2013

---

[1] Defendant-Intervenor's response merely concurs with and adopts by reference the arguments set forth in Defendant's response.

1

period of investigation. Based on the record evidence, as well as the additional information and documentation presented by SunPower, SunPower respectfully requests that the Court: (i) acknowledge that SunPower Corporation, Systems is an "interested party" within the meaning of 19 U.S.C. § 1677(9)(A), and, as elucidated in SunPower's Motion for Leave to File Amended Complaint, dated July 29, 2015 (CM/ECF No. 34), a "party to the proceeding" within the meaning of 19 C.F.R. § 351.102(b)(36)[2]; and (ii) therefore, find that SunPower Corporation, Systems has the requisite standing to participate in this appeal and, as such, is entitled to injunctive relief in connection with any entries affected by antidumping duty deposit requirements.

Defendant's response to SunPower's September 18, 2015 affidavit essentially focuses on "form over substance" and, for the reasons detailed below, reasonably should be disregarded by the Court.

First, citing 28 U.S.C. § 1746, Defendant asserts that SunPower's affidavit is "inadmissible under the statute governing affidavits or declarations submitted to United States courts" and, citing Rule 56(c)(4) of the Rules of the United States Court of International Trade, further argues that SunPower's affidavit impermissibly "includes statements by SunPower that are not based on fact or personal knowledge." CM/ECF No. 55, at 4 - 5. However, while SunPower understood that the Court, during the September 15, 2015 telephone conference, requested an affidavit in support of SunPower Corporation, Systems' "interested party" status and, therefore, characterized its September 18, 2015 submission as such, SunPower construed the Court's request to be a more generalized request for information confirming that SunPower

---

[2] During the September 15, 2015 telephone conference regarding the issue of SunPower Corporation, Systems' "interested party" status, SunPower understood that Defendant, if SunPower Corporation, Systems is determined to qualify as an "interested party," acceded to SunPower Corporation, Systems' status as a "party to the proceeding." Defendant, in its response, does not appear to object to SunPower's understanding.

Corporation, Systems did, in fact, act as the importer of record of subject merchandise during the relevant period of investigation. Should the Court direct otherwise, SunPower will arrange to prepare and execute a formal affidavit consistent with the statutory authority cited by Defendant, as well as this Court's Rules.

Second, Defendant urges the Court not to "consider evidence and information concerning [SunPower Corporation, Systems'] 'interested party' status not found in the administrative record." CM/ECF No. 55, at 6. Defendant argues that, while courts frequently, even in record review cases, permit the submission of non-record evidence specifically in relation to jurisdictional issues, in cases initiated under 28 U.S.C. § 1581(c), a "potential plaintiff has the burden to establish its status as an 'interested party' before Commerce . . . In other words, the record establishing standing is built at the administrative level." *Id.* at 6 - 7. While SunPower acknowledges that certain of the information presented in its September 18, 2015 affidavit in support of SunPower Corporation, Systems' interested party status may not have been placed on the record in connection with the underlying investigation, the Department, based on record evidence, undoubtedly was put "on notice" of SunPower Corporation, Systems' role as an importer of subject merchandise and, therefore, that SunPower Corporation, Systems "might challenge Commerce's determination before the Court." *Id.* at 7. Indeed, SunPower attached as Exhibit 2 to its Motion for Leave to File Amended Complaint, CM/ECF No. 34, its Quantity & Value Questionnaire response, which was submitted on behalf of SunPower and "its wholly owned U.S. subsidiaries, SunPower Corporation, Systems . . . and SunPower North America LLC." In that response, these affiliated entities aggregated their import data for purposes of responding to the Department's questionnaire. Furthermore, as detailed in SunPower's September 18, 2015 affidavit, SunPower placed on the record as part of its March 31, 2014

Separate Rate Application entry summaries on CBP Form 7501, as well as the accompanying bills of lading, commercial invoices, and packing lists for three separate entries of Chinese-assembled crystalline silicon photovoltaic modules made by SunPower Corporation, Systems during the relevant period of investigation. The Department appears to have accepted this information and at no point requested additional clarification, despite the fact that the entry summaries erroneously referenced "SunPower Corporation USA" in the "Importer of Record" field.[3] Indeed, it was these entry summaries, which identified SunPower Corporation, Systems as the importer of record based in its federal Tax Identification Number, as well as its address, but which referenced an incorrect corporate name, that led the Court to request SunPower's affidavit. Specifically, in light of this record evidence, the Court, or so SunPower understood, was requesting additional information substantiating SunPower Corporation, Systems' role as an importer of record during the relevant period of investigation. In SunPower's view, this additional information, whether part of the record or not, specifically was solicited by the Court in accordance with its considerable discretion and desire to better understand this issue. *See Advanced Technology & Materials Co., Ltd. v. United States*, 34 C.I.T. 598 (May 18, 2010) (Not Reported in F. Supp. 2d) ("However, most courts have recognized several 'rare case' exceptions to the record rule, and will allow for consideration of extra-record evidence in certain compelling, narrowly defined circumstances. These exceptions include . . . where the court, at its discretion, wishes to obtain background information as an aid to understanding highly technical matters, *see Animal Defense Council v. Hodel*, 840 F. 2d 1432, 1436 (9th Cir. 1988) . . . .").

---

[3] SunPower presumes that none of the concerned parties, namely SunPower Corporation, Systems and U.S. Customs and Border Protection, were focused on this erroneous reference because it was clear that SunPower Corporation, Systems, based on its federal Tax Identification Number, was the importer of record.

Finally, Defendant attempts to characterize the record evidence regarding SunPower Corporation, Systems' importer of record status as "ambiguous at best," principally because, as SunPower has acknowledged, the entry summaries on CBP Form 7501, which were submitted to the Department in connection with SunPower's Separate Rate Application, erroneously referred to "SunPower Corporation USA" in the "Importer of Record" field, notwithstanding the fact that the "Importer of Record" field reflects SunPower Corporation, Systems' address and the entry summary otherwise identifies SunPower Corporation, Systems as the importer of record and consignee by reference to SunPower Corporation, Systems' federal Tax Identification Number. CM/ECF No. 55, at 9. But, as noted above, it was that very "ambiguity" the Court requested that SunPower resolve through submission of its affidavit, which included extra-record evidence, but only to the extent required to assure the Court that SunPower Corporation, Systems actually was the importer of record in connection with the entries identified to the Department during the course of the underlying investigation. That being said, SunPower believes it is likely Defendant would agree that, based on the entry summaries on CBP Form 7501 provided as part of the administrative record and including for the reasons stated in SunPower's affidavit, the Government considers the status of SunPower Corporation, Systems as the importer of record to be sufficiently clear for the Government to continue to assert that SunPower Corporation, Systems is liable for any antidumping duties in connection with those entries.

The totality of the evidence, both that which was placed on the record in the underlying investigation and that which was presented to the Court specifically in response to its request, more than sufficiently establishes that SunPower Corporation, Systems acted as the importer of record in connection with entries of subject merchandise during the relevant investigation. Accordingly, the Court should find that SunPower Corporation, Systems has the requisite

standing to participate in this appeal and, as such, is entitled to injunctive relief in connection with any entries affected by antidumping duty deposit requirements.

Respectfully submitted,

*/s/ Daniel J. Gerkin*

Daniel J. Gerkin
Jerome J. Zaucha
K&L Gates LLP
1601 K Street, N.W.
Washington, DC 20006
Tel: (202) 778-9168
Fax: (202) 778-9100

*Counsel to SunPower Corporation*

October 6, 2015